UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FAYE EATON,
JACQUELINE SIWICKI,
MAUREEN M. DOYLE,

                        Plaintiffs,

                                                                   DECISION AND ORDER

                                                                    13-CV-6423L

                        v.

WAYNE CENTRAL SCHOOL DISTRICT,
et al.,

                        Defendants.
_____

## INTRODUCTION

Plaintiffs Faye Eaton, Jacqueline Siwicki and Maureen Doyle ("plaintiffs"), bring this action against the Wayne Central School District (the "District"), its Board of Education and a number of individual school administrators, employees and Board of Education members (collectively "defendants"), alleging that the District engaged in unlawful discrimination and retaliation in violation of, inter alia, 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") the New York Human Rights Law, N.Y. Exec. Law §239 et seq. ("NYHRL), the New York Civil Rights Law, N.Y. Civ. R. Law §40-c et seq. ("NYCRL"), and unspecified portions of the United States Constitution.

On or about April 5, 2007, plaintiffs commenced an action against the defendants in state court, alleging discrimination and retaliation claims (the "State Court Action"). (Dkt. #8-4). On or about February 27, 2013, plaintiffs filed the initial complaint in this case in state court, asserting nearly identical facts to those alleged in the 2007 State Court Action. (Dkt. #1-2). Plaintiffs later

amended their 2013 state court complaint to assert federal claims under Section 1983 and Title VII, whereupon the matter was removed to this Court. (Dkt. #1-3, #8-3).

The State Court Action and this matter have proceeded independently from one another. Defendants now move to dismiss the instant case on the grounds that the claims asserted in the complaint are already the subject of the State Court Action, are untimely, are insufficiently stated and/or that plaintiffs have failed to comply with jurisdictional prerequisites. (Dkt.#8). Plaintiffs opposed the motion solely via a cross motion to remand the case to state court, which was denied by this Court after a hearing and due consideration on October 3, 2013. (Dkt. #10). For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

## DISCUSSION

### I.     Standard for Dismissal Pursuant to Fed. R. Civ. Proc. 12(b)(6)

In deciding whether a complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient to 'state a claim for relief that is plausible on its face.'" *Lueck v. Progressive Ins.*, 2009 U.S. Dist. LEXIS 96492 at *4 (W.D.N.Y. 2009), *quoting Bell Atlantic Corp.*, 550 U.S. 544 at 570.

## II.   Plaintiffs' Claims Concerning Actions in 2006 and 2007 are Time-Barred

Plaintiffs set forth nine causes of action including discrimination and retaliation claims under Title VII, the NYHRL and the NYCRL on the basis of gender and perceived sexual orientation, as well as common law claims for defamation, intentional infliction of emotional distress, and prima facie tort. (Dkt. #8-3).  The facts alleged in the amended complaint refer entirely to events occurring in 2006-2007, and in 2012.  All of plaintiffs' claims based upon events alleged to have occurred in 2006 and 2007 are manifestly time-barred.

An action against a school district, its Board of Education or its officers pursuant to the NYHRL must be brought within one year.  N.Y. Educ. Law §3813; *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 368 (W.D.N.Y. 2010).  A claim brought under the NYCRL is subject to a notice of claim requirement and a one year statute of limitations where it is asserted against a school district, Board of Education, Board members or superintendent, and a three year statute of limitations with regard to other defendants.  *See Pratt v. Indian River Central Sch. Dist.*, 803 F. Supp.2d 135, 146-148 (N.D.N.Y. 2011).  The statute of limitations for defamation, intentional infliction of emotional distress and prima facie tort is also one year, and such claims are also subject to notice of claim provisions requiring that an action against school district defendants be brought within one year and ninety days of accrual, including a ninety-day deadline for filing a notice of claim.  *See* N.Y. Educ. Law §3813(2); N.Y. Gen. Mun. Law §50-I; *Carlson*, 679 F. Supp. 2d 355 at 370.

With respect to plaintiffs' claims under Title VII, where a plaintiff fails to file an administrative charge with a state agency within 300 days of the complained-of actions (or with the EEOC within 180 days of the complained-of-actions), the plaintiff is barred from thereafter initiating a lawsuit in federal court based upon those actions.  *See* 42 U.S.C. §2000e-5; *McDonnell Douglas Corp.*, 411 U.S. 792 at 798-99; *Sanderson v. N.Y. State Elec. & Gas Corp.*, 2014 U.S. App. LEXIS 5832 at *5 (2d Cir. 2014) (unpublished opinion); *McCahill v. Schottenstein Corp.*, 2005 U.S. Dist. LEXIS 5782 at *3-*4 (W.D.N.Y. 2005), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S.

147, 152 (1984) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sense of sympathy for particular litigants"). The limitation period for each discrete act of alleged discrimination or retaliation begins to run on the date that the act – such as termination, failure to promote, or refusal to hire – takes place. *See AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002).

The statute of limitations for an action under Section 1983 is three years. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).

This action was filed February 25, 2013. As such, all of plaintiffs' claims arising in 2006 or 2007 are time-barred under any of the applicable limitations periods.

There is no dispute that plaintiffs never filed an administrative charge until they submitted one to the EEOC on February 27, 2013 – the same date they commenced the instant action and therefore before a "right to sue" letter or other administrative disposition had been obtained – and as such, plaintiffs' claims are subject to dismissal without prejudice, for failure to exhaust administrative remedies. (Dkt. #8-8). *See Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000) ("dismissal of a Title VII action by reason of a plaintiff's failure to wait for a right-to-sue notice is [proper, but is] not a bar to instituting [or reinstating] the suit after the notice is delivered") (*quoting Criales v. American Airlines, Inc.*, 105 F.3d 93, 95 (2d Cir. 1997).

However, even had plaintiffs exhausted their administrative remedies, their 2006 and 007 claims could not be rendered timely under any continuing violation theory. Under the continuing violation exception to the Title VII limitations period, "a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under the policy" even if certain of the allegations would otherwise have been time-barred. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997). Nonetheless, reliance on a continuing violation is improper where a plaintiff was aware in the first instance that her claims were actionable, and could have raised them in a timely manner. Clearly, because plaintiffs filed almost identical claims in the State

Court Action in 2007, they were fully aware of the actionable nature of their claims at least six years prior to their filing of the instant case.  *See Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 281 (7th Cir. 1993) (the purpose of the continuing violation doctrine is to prevent prejudice to victims of discrimination in cases where "it is only with the benefit of hindsight, after a series of discriminatory acts, that the plaintiff can realize that he is indeed a victim of unlawful discrimination"); *Rebrovich v. County of Erie*, 544 F. Supp. 2d 159, 169 (W.D.N.Y. 2008) (continuing violation doctrine is appropriate only in "compelling circumstances," where "the unlawful conduct takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred; where there is an express, openly espoused policy [that is] alleged to be discriminatory; or where there is a pattern of covert conduct such that the plaintiff only belatedly recognizes its unlawfulness"); *Gonzalez v. Bratton*, 2000 U.S. Dist. LEXIS 12002 at *52 (S.D.N.Y. 2000) (citing with approval case law that declares "the continuing violation doctrine applicable if the plaintiff can tell only by hindsight that earlier acts represented the early stages of harassment").

      Here, plaintiffs do not allege an ongoing policy of discrimination in 2006 and 2007 that they could not recognize as such until six or seven years later – to the contrary, they had already brought a lawsuit in 2007 raising their discrimination claims.  Furthermore, plaintiffs' allegations describe a series of isolated events, and not an ongoing official policy or regular course of conduct.  As such, the continuing violation theory is inapplicable here, and the 2006-2007 claims in this action are dismissed as untimely.  *See generally AMTRAK v. Morgan*, 536 U.S. 101, 111 (2002) (in order to comprise a continuing violation, conduct must be "composed of a series of separate acts that collectively constitute one unlawful employment practice"); *Corona Realty Holding, LLC v. Town of North Hempstead*, 2010 U.S. App. LEXIS 13073 at *3 (2d Cir. 2010) ("[d]iscrete incidents of discrimination that are not part of a discriminatory policy or practice, however, cannot be continuing violations"); *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (same).

### III. Plaintiffs Have Failed to State a Claim Relative to Events Occurring in 2012

#### A. Plaintiffs' 2012 Allegations Fail to State Federal Discrimination or Retaliation Claims

Plaintiffs contend that "as recently as" 2012 and 2013, the sexual harassment training undertaken by the District was "inadequate" or erroneous, and that on one occasion in October 2012, plaintiff Doyle was *almost* not appointed to a coaching position (but was, in fact, awarded the position).

Initially, as discussed *supra*, to the extent that plaintiffs raise these claims under Title VII, they have failed to exhaust their administrative remedies by filing an administrative charge and obtaining a "right to sue" letter *prior* to commencing the instant action.

In any event, even if plaintiffs had exhausted their administrative remedies, their 2012 allegations fail to plausibly describe an adverse employment action, which is a necessary component of plaintiffs' discrimination and retaliation claims. *See generally Maldonado v. George Weston Bakeries* 441 Fed. Appx. 808, 809 (2d Cir. 2011) (unpublished opinion) (although at the pleading stage a plaintiff need not establish a prima facie case under the familiar burden-shifting test, "dismissal is nevertheless appropriate where the plaintiff [has] failed to allege even the basic elements" of a discrimination claim).

An adverse employment action is a materially adverse change in the terms and conditions of one's employment. *See Caskey v. County of Ontario*, 2014 U.S. App. LEXIS 5294 at *4 (2d Cir. 2014) (unpublished opinion) ("[w]e define an adverse employment action as a materially adverse change in the terms and conditions of employment"). Initially, while inadequate training can comprise an adverse employment action in circumstances where an employer denies necessary job training to an employee and the terms and conditions of his employment are thereby harmed, these are not the kinds of circumstances plaintiffs describe. *See e.g.*, *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 352 (S.D.N.Y. 2006). Plaintiffs do not allege that they were denied adequate on-the-job training, or that they were subjected to actionable harassment because the District's anti-

harassment training was insufficient.[1] They allege only that they believe that certain anti-harassment training that was provided to employees by the District was not administered via the most effective pedagogical means, and was therefore not "satisfactory" in the plaintiffs' view. (Dkt. #8-3 at ¶91-93 (outlining plaintiffs' objections to the fact that the training is conducted online and not by a live instructor, and that the District does not contact employees who give "wrong" responses to the online program). Such allegations of personal displeasure with an employer's anti-harassment training have never, by themselves, been held to describe an adverse employment action.

Doyle's claim that she was initially told that a coaching position would be denied to her, but was then awarded the position after complaining and being "re-interviewed," also manifestly fails to describe a "materially adverse change in the terms and conditions" of her employment.  Doyle makes no allegation of any harmful delay in assuming the coaching position, or of any other adverse change to the terms or conditions of her employment that resulted from her [successful] attempt to gain the coaching position.

>   **B.      The Court Declines to Exercise Supplemental Jurisdiction Over Any State Law Claim Arising Out of Plaintiffs' 2012 Allegations**

The Court expresses no view with respect to whether plaintiffs' timely 2012 factual allegations state a plausible claim under state law, and declines to exercise supplemental jurisdiction over any such claims.  In any event, it appears that the bulk of plaintiffs' instant claims are duplicative of those already pending in the State Court Action. *See* 28 U.S.C. §1367 ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)("in the usual case in which all

---

[1] While an employer's failure to implement adequate sexual harassment training and awareness programs, or failure to establish adequate avenues for complaints by employees, could potentially serve as a basis for holding the employer liable for on-the-job harassment, plaintiffs' timely factual allegations here do not, in the first instance, describe conduct amounting to actionable harassment. *See e.g.*, *Bland v. New York*, 263 F. Supp. 2d 526, 546 (E.D.N.Y. 2003) (describing potential for liability based on insufficient anti-harassment training), *citing Karibian v. Columbia Univ.*, 14 F.3d 773, 779 (2d Cir. 1994).

federal-law claims are eliminated before trial, the balance of [judicial economy, convenience and fairness to litigants] will point toward declining to exercise jurisdiction over the remaining state-law claims").

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (Dkt. #8) is granted, and the amended complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 2, 2014.